IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALLYN SHANE DOYLE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:20-CV-206-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID,[1] | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

Allyn Shane Doyle ("Petitioner") filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 69th District Court of Dallam County, Texas for the first-degree felony offense of aggravated assault with a deadly weapon against a family member (enhanced by a prior felony conviction) and the resultant twenty-five-year sentence. For the reasons set forth below, the undersigned United States Magistrate Judge recommends that Petitioner's application for federal habeas corpus relief under Section 2254 of Title 28 of the United States Code be DISMISSED.

**I.      BACKGROUND**

Petitioner was charged by Grand Jury Indictment in Dallam County, Texas with aggravated assault with a deadly weapon against a family member, in violation of Section 22.02 of the Texas Penal Code. (ECF 8-9 at 5); *see State v. Doyle*, No. 4361; Tex. Penal Code Ann. § 22.02(a), (b)(1) (West 2009); Tex. Code Crim. Proc. Ann. art. 42.013 (West 2013); Tex. Fam. Code Ann. § 71.003

---

[1] Although Petitioner names "Warden Adam Gonzales" as the Respondent in his petition, the Court notes that the proper defendant is Director, TDCJ-CID and that Director, TDCJ-CID has properly appeared in this case.

(West 2013). Specifically, the Indictment alleged that on or about August 1, 2013, Petitioner:

> did then and there intentionally or knowingly threaten Quincy Doyle with imminent bodily injury by attempting to strike and/or hit and/or run over the said Quincy Doyle with a motor vehicle being driven by [Petitioner], and did then and there use or exhibit a deadly weapon, to-wit: a motor vehicle, during the commission of said assault, and the said Quincy Doyle was a member of the defendant's family, as described by Section 71.003, Family Code[.]

(ECF 8-9 at 5). The Indictment further alleged that Petitioner had a prior felony conviction for burglary of a habitation, for purposes of enhancing the range of punishment under Section 12.42 of the Texas Penal Code. (*Id.*); *see* Tex. Penal Code Ann. § 12.42 (West 2011).

Petitioner waived his right to a jury trial. (ECF 8-9 at 35). Petitioner's case was called for a bench trial before the 69th District Court of Dallam County on July 8, 2014. (*Id.*; ECF 8-12 at 1). After the conclusion of the guilt/innocence phase of the trial, the trial court found Petitioner guilty of aggravated assault with a deadly weapon against a family member, as alleged in the Indictment. (ECF 8-9 at 35; ECF 8-12 at 121). Later that same day, after hearing evidence on punishment, the trial court found the punishment enhancement to be true and sentenced Petitioner to confinement for a period of twenty-five years in the Texas Department of Criminal Justice—Correctional Institutions Division. (ECF 8-9 at 35–36; ECF 8-12 at 187–88).

On October 15, 2015, the Seventh Court of Appeals of Texas affirmed the judgment of the trial court on direct appeal. (ECF 8-2 at 1–7); *see Doyle v. State*, No. 07–14–00340–CR, 2015 WL 6119411, at *1 (Tex. App.—Amarillo Oct. 15, 2015, no pet.). Petitioner did not file a petition for discretionary review of the judgment of the Seventh Court of Appeals with the Texas Court of Criminal Appeals ("TCCA"). (*See* ECF 1 at 2–3; ECF 6-1 at 8).

Petitioner sought collateral review of his conviction and sentence by filing a petition for

state habeas corpus relief on December 2, 2019.² (ECF 8-15 at 42–89). On April 15, 2020, the TCCA denied Petitioner's state habeas application without written order, on the findings of the trial court, without a hearing, and on the TCCA's independent review of the record. (ECF 8-14 at 1; *see* ECF 8-15 at 98–99); *see In re Doyle*, WR-91,067-01 (Tex. Crim. App. Apr. 15, 2020).

Petitioner filed the instant federal petition on September 9, 2020. (*See* ECF 1). Respondent filed an Answer with Brief in Support on November 3, 2020, arguing that Petitioner's petition is barred by limitations pursuant to 28 U.S.C. § 2254(d) and should therefore be dismissed with prejudice. (ECF 6 at 1–7). Petitioner filed a reply on December 1, 2020, acknowledging that the petition is time-barred but asserting that the Court should apply equitable tolling and consider his claims on the merits. (ECF 9 at 1–4).

## II. PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was denied effective assistance of counsel, because his trial counsel:

    a. had a conflict of interest;
    b. failed to adequately prepare for trial;
    c. did not fully advise Petitioner of the law or whether he should accept a plea bargain; and
    d. would not allow Petitioner to testify during the guilt-innocence phase of trial; and

2. The prosecution engaged in misconduct by "using scare tactics in conversations with the State's witness prior to trial."

(ECF 1 at 5–14).

---

² The prison mailbox rule applies to state habeas applications. *See Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013). However, the rule does not apply to prisoner litigants represented by counsel. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002). Petitioner's Application for State Writ of Habeas Corpus shows he was represented by counsel. (ECF 8-15 at 64).

### III. STANDARD OF REVIEW

Section 2254 of Title 28 of the United States Code authorizes a federal court to entertain a petition for a federal writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, a court may not grant relief on any claim that was adjudicated on the merits in state court proceedings unless a petitioner shows that the prior adjudication:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).

The Supreme Court has concluded the "contrary to" and "unreasonable application" clauses of Section 2254(d)(1) have independent meanings. *Bell v. Cone*, 535 U.S. 685, 694 (2002). Under the "contrary to" clause, a federal habeas court may grant relief if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Brown*, 544 U.S. at 141; *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) ("A state court's decision is 'contrary to' our clearly established law if it 'applies a rule that contradicts the governing law set forth in our cases' or it 'confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'"). A state court's failure to cite Supreme Court authority does not, per se, establish the state court's decision is "contrary to" clearly established federal law: "the state court need not

even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decisions contradicts them.'" *Mitchell*, 540 U.S. at 16.

Under the "unreasonable application" clause, a federal habeas court may grant relief if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case. *Brown*, 544 U.S. at 141; *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). A federal court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *McDaniel v. Brown*, 558 U.S. 120, 132–33 (2010) ("A federal habeas court can only set aside a state-court decision as 'an unreasonable application of . . . clearly established Federal law,' § 2254(d)(1), if the state court's application of that law is 'objectively unreasonable.'"); *Wiggins*, 539 U.S. at 520–21. The focus of this inquiry is on whether the state court's application of clearly established federal law was objectively unreasonable—an "unreasonable" application is different from a merely "incorrect" one. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under the [Antiterrorism and Effective Death Penalty Act ("AEDPA")] is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."); *Wiggins*, 539 U.S. at 520; *Price v. Vincent*, 538 U.S. 634, 641 (2003) ("[I]t is the habeas applicant's burden to show that the state court applied that case to the facts of his case in an objectively unreasonable manner"). "Under the [AEDPA], a state prisoner seeking a writ of habeas corpus from a federal court 'must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (quoting *Harrington v. Richter,* 562 U.S. 86, 101 (2011)).

This Court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez,* 274 F.3d at 951 (holding that a full and fair hearing is not a precondition according to section 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying section 2254(d)'s standards of review). A "paper hearing" is sufficient to afford a full and fair hearing on factual issues, especially where the trial court and state habeas court were the same. *Hill v. Johnson,* 210 F.3d 481, 489 (5th Cir. 2000); *Murphy v. Johnson,* 205 F.3d 809, 816 (5th Cir. 2000).

Furthermore, a denial, even though it does not contain a written opinion, is not silent or ambiguous. *See Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits). It is a decision on the merits and is entitled to the federal statutes' standard of deference. 28 U.S.C. § 2254(d); *see also Neal v. Puckett,* 239 F.3d 683, 686 (5th Cir. 2001) (explaining that in the context of federal habeas proceedings, "adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive"). The Supreme Court has reconfirmed that Section "2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Even if "a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court

to deny relief." *Id*. at 98.

Moreover, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. at 101 (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). This standard is difficult to meet, and the Supreme Court has affirmed that "it was meant to be" so. *Id*. at 102.

Finally, the Supreme Court has also held that review under Section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Perhaps more compelling, the Supreme Court made clear that Section 2254(e)(2)—the statutory mechanism through which Congress limited a petitioner's ability to obtain a federal evidentiary hearing (and to expand the federal habeas record)—has no application when a federal court reviews claims pursuant to Section 2254(d), whether or not a petitioner might meet the technical requirements of section 2254(e)(2). *See id.* at 183–86 (showing that the Supreme Court explicitly rejected the proposition that Section 2254(d)(1) has no application when a federal court admits new evidence under Section 2254(e)(2)); *see also id.* at 203 n.20 ("Because Pinholster has failed to demonstrate that the adjudication of his claim based on the state-court record . . . [violated § 2254(d)(1),] our analysis is at an end. We are barred from considering the evidence Pinholster submitted in the District Court that he contends additionally supports his claim.") (internal citation omitted). The Supreme Court reasoned:

> Today, we . . . hold that evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.

*Id*. at 185. Therefore, this Court must review the reasonableness of the state court determinations under Section 2254(d), with reference only to the record actually before the state court.

7

## IV. STATUTE OF LIMITATIONS

Petitioner filed the instant federal habeas petition on September 9, 2020. (*See* ECF 1). Respondent contends that Petitioner's claims are barred by the one-year statute of limitations imposed by Section 2254(d), because Petitioner filed the instant petition more than 3 years and nine months after the deadline imposed by Section 2254(d). (ECF 6 at 5).

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

Petitioner was sentenced on July 8, 2014. (ECF 8-9 at 35–36; ECF 8-12 at 187–88). The Seventh Court of Appeals of Texas affirmed the judgment of the trial court on October 15, 2015.

(ECF 8-2 at 1–7). Petitioner did not file a petition for discretionary review of the judgment of the Seventh Court of Appeals with the TCCA, and the deadline to do so was November 14, 2015. (*See* ECF 1 at 2–3; ECF 6-1 at 8); Tex. R. App. P. 68.2 (stating that a "petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals."). Petitioner's judgment of conviction thus became final on November 14, 2015. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012) (discussing the two prongs of 28 U.S.C. § 2244(d)(1)(A)).

Under Section 2254(d)(1), the limitations period shall run from the date on which the judgment became final unless one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies. *See* 28 U.S.C. § 2244(d)(1). The undersigned, however, finds and concludes that none of those circumstances apply in this case. Specifically, the record does not reflect any unconstitutional "State action" impeded or prevented Petitioner from filing for federal habeas corpus relief; Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review; and Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to Petitioner's conviction becoming final. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

Accordingly, the one-year period of limitations Petitioner had to file a federal habeas petition in this case **began on November 14, 2015**—the date on which Petitioner's judgment became final by the expiration of the time for seeking such direct review under 28 U.S.C. § 2244(d)(1)(A). Therefore, Petitioner's federal habeas petition was **due on or before November 14, 2016**, unless statutory or equitable tolling applies.

## V.    STATUTORY TOLLING

Under Section 2254(d)(2), the limitations period will be tolled while a proper state habeas application is pending. *See* 28 U.S.C. § 2244(d)(2). However, Petitioner's state habeas application did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2), because Petitioner's state habeas application was filed on **December 2, 2019**—after the limitations period had expired on **November 14, 2016**. (*See* ECF 8-15 at 42–89); *Bulter v. Cain*, 533 F.3d 314, 318 (5th Cir. 2008) ("It is true that Section 2244(d)(2) would cause tolling for the period during which the state habeas proceedings continued, but it was too late for a federal petition even before the state petition was filed. There was nothing to toll."); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that state habeas application filed after expiration of federal statute of limitations cannot toll the statute of limitations for the federal application). Therefore, statutory tolling does not apply.

## VI.    EQUITABLE TOLLING

Equitable tolling can apply to the one-year limitations period of Section 2244(d) in "rare and exceptional circumstances[.]" *Davis v. Johnson*, 158 F.3d 806, 810–11 (5th Cir. 1998). A federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted). The United States Supreme Court has "reaffirm[ed] that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016).

Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action or was prevented in some extraordinary way from asserting

10

his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "Accordingly, 'neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling.'" *Jones v. Stephens*, 541 F. App'x 499, 503 (5th Cir. 2013) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation marks and citations omitted).

Here, Petitioner's federal habeas petition was due on or before November 14, 2016 but not filed until September 9, 2020. Absent equitable tolling, Petitioner's petition is untimely by 1,395 days (or approximately 3 years and 9.75 months). As Respondent notes, Petitioner makes no argument as to equitable tolling in his petition. (ECF 6 at 6; *see* ECF 1). Rather, in regard to the timeliness of his petition, Petitioner incorrectly claims:

> Petitioner's judgment on direct became final on 11/15/2015. Petitioner's 11.07 Writ under the Texas Code of Criminal Procedure was denied 04/15/2020. Petitioner's 2254 is not barred by 2244(d)[.]

(ECF 1 at 13). Then, Petitioner states in his reply to Respondent's Answer that he agrees that his federal habeas petition is time barred; however, Petitioner claims that he "should be afforded an opportunity to show that the untimeliness of his federal habeas petition should be excused under an established equitable exception." (ECF 9 at 1). In support of this argument, Petitioner submits an affidavit from his appellate counsel, David Martinez. (*Id.* at 2, 4). Mr. Martinez's affidavit states, in part:

> 2. I was hired to represent [Petitioner] to prepare an 11.07 State Writ of Habeas Corpus after his conviction became final in Cause No. 4361 out of the 69th District Court of Dallam County, Texas.
>
> 3. There was no written agreement on the date of commencement of the preparation but in looking at correspondence from Petitioner . . . it was on or about January 23, 2016.
>
> 4. Several times, at least 2 or 3 times in writing, maybe more he asked me questions about filing a 2254 Writ in Federal Court.
>
> 5. I erroneously advised him on those occasions that he could file a 2254 Writ in

11

>     Federal court after we finished his State 11.07 Writ.
>
> 6. I do not know if he knew whether his 2254 Writ in Federal Court would be barred because of my delay in filing the 11.07 Writ, but I have not been able to find any correspondence advising him that his 2254 Federal Writ would be time barred if he did not file something in Federal Court.

(*Id.* at 4).

Because Petitioner raised the issue of equitable tolling for the first time in his reply, the Court ordered Respondent to file a sur-reply to address Petitioner's arguments. (*See* ECF 10 at 1–2). Respondent asserts that Petitioner "is not entitled to equitable tolling because he has not shown that extraordinary circumstances prevented timely filing." (ECF 11 at 2). Respondent argues that equitable tolling does not apply when an attorney incorrectly advises a petitioner on the statute of limitations. (*Id.*) (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (holding that "counsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [petitioner's] habeas petition in the district court within the one-year limitations period."); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.")).

The Court agrees with Respondent. "[A]ttorney error usually does not constitute an extraordinary circumstance warranting equitable tolling." *Reaux v. Vannoy*, No. 19-2529, 2019 WL 6770048, at *5 (E.D. La. Dec. 12, 2019) (citing *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002)). In *Holland*, the Supreme Court carved out an exception to the general rule, holding that while a "garden variety claim of misconduct" does not warrant equitable tolling, "far more serious instances of attorney conduct may." *Holland*, 560 U.S. at 651–52. In *Holland*, for example, "there was an almost complete breakdown in communication between Holland and his counsel, and Holland's attorney failed even to inform Holland when the state supreme court denied him relief, much less file a timely federal application to preserve his rights." *Reaux*, 2019 WL 6770048,

at *5 (citing *Holland*, 560 U.S. at 637–39). And the Fifth Circuit has also found that equitable tolling could be appropriate when the petitioner's attorney intentionally misrepresents to the petitioner that he or she has timely filed a habeas petition on their behalf. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

Petitioner's counsel's alleged failure to properly advise him regarding the one-year limitations period of Section 2244(d) constitutes a "garden variety claim of misconduct" that does not warrant equitable tolling. *See Holland*, 560 U.S. at 651–52. Petitioner does not "merit equitable tolling for counsel's failure to advise him of the federal filing deadline." *See Medrano v. Thaler*, No. CIV.A. H-12-1948, 2013 WL 100270 (S.D. Tex. Jan. 7, 2013) (citing *Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000)). "Attorney miscalculation [of the limitations period] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007). Thus, "[i]neffective assistance of counsel is irrelevant to the tolling decision," unless a petitioner reasonably detrimentally relied on his counsel's intentional misrepresentation. *Wynn*, 292 F.3d at 230–31; *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). "A petitioner's own ignorance or mistake does not warrant equitable tolling, and it would be rather peculiar to treat a trained attorney's error more leniently than [the Fifth Circuit] treat[s] a *pro se* litigant's error." *Riggs*, 314 F.3d at 799.

Further, Petitioner has not alleged, let alone proven, that he acted with the required reasonable diligence in pursuing habeas relief. (*See* ECF 9); *McQuiggin*, 569 U.S. at 391; *see also Palacios v. Stephens*, 723 F.3d 600, 604–05, 607 (5th Cir. 2013) ("[P]etitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation."); *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) ("[E]quity is not intended for those who sleep

13

on their rights."). Petitioner's counsel states that Petitioner asked him questions two or three times in writing about filing his federal writ, yet Petitioner waited over four months after his state writ application was denied to file his federal writ petition. (*See* ECF 1; ECF 8-14 at 1; ECF 9 at 4). As such, Petitioner has not proven that he diligently pursued relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (holding the petitioner had not shown reasonable diligence because he "waited more than four months to file his federal habeas petition").

Therefore, the Court finds that Petitioner has not met his burden to show that he is entitled to equitable tolling. *See McQuiggin*, 569 U.S. at 391; *Hardaway v. Davis*, 684 F. App'x 444, 446 (5th Cir. 2017). Accordingly, equitable tolling does not apply in this case.

## VII.   ACTUAL INNOCENCE

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin*, 569 U.S. at 392. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (*quoting Herrera v. Collins*, 506 U.S. 390, 404 (1993)). A habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See id.* at 394–95; *Schlup v. Delo*, 513 U.S. 298, 326–29 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v.*

14

*United States*, 523 U.S. 614, 623–24 (1998).

Petitioner does not, in his application or reply to Respondent's Answer, set out any facts or even argument in support of a claim that he is factually innocent of committing the aggravated assault with a deadly weapon against a family member offense of which he was convicted. (*See* ECF 1; ECF 9); *McQuiggin*, 569 U.S. at 392; *Bousely*, 523 U.S. at 623–24. Consequently, Petitioner has not demonstrated his "actual innocence" as a gateway or means by which to overcome the time bar for filing a federal habeas corpus petition. The "actual innocence" exception is not applicable to this case.

## VIII.   RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Allyn Shane Doyle be DISMISSED AS TIME BARRED, and that this case be DISMISSED WITH PREJUDICE.

## IX.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 13, 2022.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by

electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).